```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )   CRIMINAL ACTION NO.
                            )       2:10cr3-MHT
GERALD F. GALLMAN           )          (WO)
```

OPINION AND ORDER

This cause is before the court on defendant Gerald F. Gallman's motion to continue made on March 5, 2010. For the reasons set forth below, the motion will be granted pursuant to 18 U.S.C. § 3161(h)(1)(D).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).  The Act also excludes from the 70-day period any continuance based on "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion." § 3161(h)(1)(D).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gallman in a speedy trial. Gallman filed his motion to suppress on February 24, 2010. Gallman informed the court on that date that he and the government were working towards resolving this case without the need for pretrial litigation. This resolution has not yet come to pass, but the trial date original trial date is quickly approaching. Therefore, Gallman requests a continuance in order to litigate his motion to suppress fully or to resolve this case without additional litigation. Gallman's motion to continue is unopposed.

Accordingly, it is ORDERED as follows:

(1) Defendant Gerald F. Gallman's motion for a continuance (doc. no. 17) is granted.

    (2) The jury selection and trial for defendant Gallman are reset for June 7, 2010, at 10:00 a.m. at the Frank M. Johnson Federal Building and United States Courthouse, One Church Street, Montgomery, AL.

    DONE, this the 5th day of March, 2010.

                                         /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**